UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JASON EHLERDING,<br><br>Plaintiff,<br><br>v.<br><br>ASHLEY FURNITURE, LOREN KLOPFENSTEIN, AUSTIN KLOPFENSTEIN, PARK PLACE CONDOMINIUMS, BIGGS PROPERTY MANAGEMENT,<br><br>Defendants. | CAUSE NO.: 1:19-CV-488-HAB-SLC |

**OPINION AND ORDER**

Plaintiff Jason Ehlerding, acting without the assistance of counsel, filed a civil complaint in this Court against several Defendants: Ashley Furniture, Loren Kloperstein, Austin Klopenstein, Park Place Condominiums, and Biggs Property Management. The operative pleading is the second amended complaint (the Complaint) [ECF No. 26], filed on January 22, 2020. Each of the Defendants has moved to dismiss the Complaint. (ECF Nos. 30, 32, 34.) They argue, generally, that the Complaint does not contain facts to establish this Court's subject matter jurisdiction, or to state a claim upon which relief may be granted. Plaintiff has not responded.

**ANALYSIS**

**A.     Standard of Review**

The Court is mindful that "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v.*

*Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, while the Court gives liberal construction to a pro se plaintiff's complaint, "it is also well established that pro se litigants are not excused from compliance with procedural rules." *Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008).

A case may be dismissed under Federal Rule of Civil Procedure 12(b)(1) when the court lacks jurisdiction over the subject matter. "Subject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further." *Illinois v. City of Chi.*, 137 F.3d 474, 478 (7th Cir. 1998). When a district court rules upon an issue of subject matter jurisdiction, it must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff. *Capitol Leasing Co. v. Fed. Deposit Ins. Corp.*, 999 F.2d 188, 191 (7th Cir. 1993).

**B. Federal Subject Matter Jurisdiction**

The federal district courts are courts of limited jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Federal court jurisdiction is established when the complaint narrates a claim that arises under federal law (28 U.S.C. § 1331) or that satisfies the requirements of diversity jurisdiction (28 U.S.C. § 1332). *Bovee v. Broom*, 732 F.3d 743, 744 (7th Cir. 2013); *see also* 28 U.S.C. § 1331 (providing for "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States"); 28 U.S.C. § 1332 (providing for "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000" and is between "citizens of different States").

The Complaint contains numerous disconnected statements about the various parties. It offers no indication as to what legally cognizable wrong any Defendant committed. For example, Plaintiff appears to be providing background when he mentions Ashley Furniture and one of its employees. Plaintiff notes that he has another case pending in federal court arising out of the termination of his employment from Ashley Furniture. Plaintiff alleges that the "corporate office" of Ashley Furniture "need[s] to know how [its] billion dollar brand is being represented." With respect to Biggs Property Management and Park Place Condominiums, Plaintiff's allegation is that the management company and the home owners' association "lied to the police in order to have them put in Park Place Condominiums in order to have the police watch [and] follow [him]." Plaintiff then goes on to allege that an unnamed confidential informant (CI) (whom he has not sued) entrapped him into selling drugs, and that this CI was introduced to him by a person who worked for his former employer. Plaintiff is asking for $40 million for every hour that he sat in jail and was detained.

The factual narrative does not invoke a federally protected right. Plaintiff's prayer for relief suggests that he might have intended to assert a claim akin to state law false imprisonment, but it is unclear how it could pertain to any of the named Defendants. In any event, the Complaint does not state a claim for a violation of a federal right. This Court has no jurisdiction under 28 U.S.C. § 1331.

Neither does the Complaint satisfy the jurisdictional requirements of 28 U.S.C. § 1332. Federal diversity jurisdiction is defeated if any plaintiff is a citizen of the same state as any defendant. 28 U.S.C. § 1332(a)(1); *Wis. Dep't of Corrs. v. Schacht*, 524 U.S. 381, 388

(1998). A corporation is a citizen of both the state where it is incorporated and the state containing its principal place of business. 28 U.S.C. § 1332(c)(1). Plaintiff does not identify the citizenship of any of the parties or show that there is complete diversity between the Defendants and himself. However, Plaintiff provides an address for himself that is in Fort Wayne, Indiana, and purports to be a "native of Fort Wayne." Plaintiff also provides Indiana addresses for Defendants Park Place, Biggs Property Management, Loren Klopfenstein, and Austin Klopfenstein. Accordingly, the Plaintiff and at least one of the Defendants is a citizen of the same state and this case does not fall within the Court's diversity jurisdiction.

Accordingly, this case must be dismissed without prejudice for lack of jurisdiction. Because the Court lacks jurisdiction, it does not reach Defendants' alternative arguments that Plaintiff's claims are legally deficient and should be dismissed under Rule 12(b)(6).

## CONCLUSION

For the reason stated above, the Court GRANTS Defendant Park Place Condominiums Motion to Dismiss Second Amended Complaint (Docket Entry No. 26) [ECF No. 30], Defendant Biggs Property Management's Motion to Dismiss [ECF No. 32], and Defendants' Motion to Dismiss [ECF No. 34], filed by Ashley Furniture, Loren Klopfenstein, and Austin Klopfenstein. The Plaintiff's Second Amended Complaint is dismissed for lack of subject matter jurisdiction.

SO ORDERED on March 2, 2020.

                         *s/ Holly A. Brady*
                         JUDGE HOLLY A. BRADY
                         UNITED STATES DISTRICT COURT